http://www.va.gov/vetapp16/Files5/1641950.txt

Citation Nr: 1641950 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 10-30 897 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee

THE ISSUE

Entitlement to service connection for a left lower extremity condition, to include the left knee.

REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs

WITNESSES AT HEARING ON APPEAL

Appellant and her spouse

ATTORNEY FOR THE BOARD

D. Van Wambeke, Counsel

INTRODUCTION

The Veteran had honorable active duty service from September 1975 to September 1978. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran and her spouse presented testimony at a personal hearing before the undersigned Veterans Law Judge in November 2011. A transcript is of record. The claim was remanded by the Board in April 2014, January 2015, and August 2015. The Board sought an expert medical opinion in July 2016. 

The current record before the Board consists entirely of electronic files known as Virtual VA and the Veterans Benefits Management System (VBMS). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

As noted above, the Board sought an expert medical opinion in July 2016, which was received that same month. In an August 2016 letter, the Board notified the Veteran that she had 60 days from the date of the letter to review the July 2016 medical opinion and send any additional evidence or argument. She was also informed that she had a right to have any newly submitted evidence, along with all the evidence of record, considered by the AOJ and for issuance of a supplemental statement of the case (SSOC). The Veteran provided a response in October 2016, indicating that she was submitting additional argument and/or evidence; that she did not waive RO consideration of the evidence; and that she wanted her case remanded to the RO for consideration of the new evidence in the first instance. 

Accordingly, the case is REMANDED for the following action:

Readjudicate the claim to include consideration of all evidence received since the January 2016 SSOC was issued. If the benefit sought on appeal remains denied, furnish the Veteran and her representative a supplemental statement of the case and provide an appropriate period of time to respond. The case should then be returned to the Board for further appellate review, if in order. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
K. A. BANFIELD 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).